In re:  Case No. 21-00337-HWV

Lester Lawrence Vogelsong, Jr  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0314-1 | User: AutoDocke | Page 1 of 3 |
|---|---|---|
| Date Rcvd: Mar 25, 2021 | Form ID: pdf002 | Total Noticed: 39 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 27, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Lester Lawrence Vogelsong, Jr, 17 Beechcliff Drive, Carlisle, PA 17015-9098 |
| cr | + | NewRezLLC d/b/a Shellpoint Mortgage Servicing, 130 CLINTON RD #202, Fairfield, NJ 07004-2927 |
| 5391642 | | CAC COMMERCIAL ACCEPTANCE CORP, 2300 GETTYSBURG RD, STE 102, CAMP HILL, PA 17011-7303 |
| 5391643 | + | CBE GROUP CORP, 1309 TECHNOLOGY PKWY, CEDAR FALLS, IA 50613-6976 |
| 5391647 | | COML ACCEPT, 2300 GETTYSBURG RD, STE 102, CAMP HILL, PA 17011-7303 |
| 5391650 | + | EAST PENNSBORO AMBULANCE SERVICE, PO BOX 726, NEW CUMBERLAND, PA 17070-0726 |
| 5391651 | + | ENCOMPASS HEALTH REHAB HOSPITAL, 175 LANCASTER AVE, MECHANICSBURG, PA 17055-3562 |
| 5391652 | | GEISINGER HEALTH PLAN, ATTN: CORRESPONDENCE, 100 NORTH ACADEMY AVENUE, DANVILLE, PA 17821-3229 |
| 5391653 | | GEISINGER HEALTH SYSTEM, 100 NORTH ACADEMY AVENUE, DANVILLE, PA 17822-3941 |
| 5391654 | | GEISINGER HOLY SPIRIT, 100 N ACADEMY AVE, DANVILLE, PA 17822-3902 |
| 5391655 | + | GEISINGER HOLY SPIRIT HOSPITAL, 503 N 21ST STREET, CAMP HILL, PA 17011-2288 |
| 5391656 | | IC SYSTEM, 444 HIGHWAY 96 EAST, PO BOX 64794, ST PAUL, MN 55164-0794 |
| 5391659 | | MSHMC PHYSICIANS GROUP, BILLING SERVICES, PO BOX 854, HERSHEY, PA 17033-0854 |
| 5391661 | + | NTB/CBNA, PO BOX 6497, SIOUX FALLS, SD 57117-6497 |
| 5393369 | + | NewRezLLC, d.b.a Shellpoint Mortgage Servicing, 130 Clinton Rd 202, Fairfield, NJ 07004-2927 |
| 5391662 | + | PENN CREDIT CORP, 2800 COMMERCE DRIVE, PO BOX 69703, HARRISBURG, PA 17106-9703 |
| 5391663 | | PENN STATE HEALTH HMC, ATTN: PATIENT FINANCIAL SERVICES, MC A410 PO BOX 853, HERSHEY, PA 17033 |
| 5391666 | + | RADIUS GLOBAL SOLUTIONS LLC, PO BOX 390905, MINNEAPOLIS, MN 55439-0905 |
| 5391667 | + | SEQUIUM ASSET SOLUTIONS LLC, 1130 NORTHCHASE PKWY STE 150, MARIETTA, GA 30067-6429 |
| 5391668 | + | SHELLPOINT MORTGAGE SERVICING, 55 BEATTIE PLACE, GREENVILLE, SC 29601-2165 |
| 5391669 | + | SILVER SPRING AMBULANCE & RESCUE, PO BOX 726, NEW CUMBERLAND, PA 17070-0726 |
| 5391672 | + | TORRES CREDIT SERVICES, 27 FAIRVIEW ST, PO BOX 189, CARLISLE, PA 17013-0189 |
| 5391675 | + | UNITED COLLECTION BUREAU INC, 5620 SOUTHWYCK BLVD SUITE 206, TOLEDO, OH 43614-1501 |

TOTAL: 23

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5391641 | + | Email/Text: g17768@att.com | Mar 25 2021 19:09:00 | AT&T - BANKRUPTCY, 4331 COMMUNICATIONS DR, FIR 4W, DALLAS, TX 75211-1300 |
| 5391644 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Mar 25 2021 19:10:00 | CCS, 725 CANTON STREET, NORWOOD, MA 02062-2679 |
| 5391645 | + | Email/Text: dehartstaff@pamd13trustee.com | Mar 25 2021 19:10:00 | CHARLES J DEHART, III, ESQ., 8125 ADAMS DRIVE STE A, HUMMELSTOWN PA 17036-8625 |
| 5391646 | + | Email/Text: mediamanagers@clientservices.com | Mar 25 2021 19:09:00 | CLIENT SERVICES INC, 3451 HARRY S TRUMAN BLVD, ST CHARLES, MO 63301-9816 |
| 5391648 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Mar 25 2021 19:10:00 | COMM OF PA DEPT OF REVENUE, BUREAU OF COMPLIANCE, PO BOX 280946, HARRISBURG, PA 17128-0946 |

| Recip ID | | Notice Method | Date/Time | Name and Address |
|---|---|---|---|---|
| 5391673 | | Email/Text: ra-li-occ-esbkpt-hbg@pa.gov | Mar 25 2021 19:09:00 | UNEMP COMP OVERPAYMENT MATTERS, DEPT OF L&I - OFFICE OF CHIEF COUNSEL, 651 BOAS STREET 10TH FLOOR, HARRISBURG, PA 17121 |
| 5394344 | | Email/Text: G06041@att.com | Mar 25 2021 19:10:00 | Directv, LLC, by American InfoSource as agent, PO Box 5072, Carol Stream, IL 60197-5072 |
| 5391657 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Mar 25 2021 19:10:00 | INTERNAL REVENUE SERVICE - CIO, PO BOX 7346, PHILADELPHIA, PA 19101-7346 |
| 5391658 | | Email/Text: unger@members1st.org | Mar 25 2021 19:10:00 | MEMBERS 1ST FCU, 5000 LOUISE DR, PO BOX 40, MECHANICSBURG, PA 17055-0040 |
| 5391660 | | Email/Text: Bankruptcies@nragroup.com | Mar 25 2021 19:10:00 | NATIONAL RECOVERY AGENCY, 2491 PAXTON STREET, HARRISBURG, PA 17111-1036 |
| 5391664 | | Email/Text: Bankruptcy.Notices@pnc.com | Mar 25 2021 19:09:00 | PNC BANK NA, BK NOTICES, PO BOX 94982, CLEVELAND, OH 44101-0570 |
| 5391665 | | Email/Text: Bankruptcy.Notices@pnc.com | Mar 25 2021 19:09:00 | PNC MORTGAGE, BANKRUPTCY DEPT, 3232 NEWMARK DRIVE, MIAMISBURG, OH 45342 |
| 5391670 | + | Email/PDF: clerical@simmassociates.com | Mar 25 2021 19:27:02 | SIMM ASSOCIATES INC, 800 PENCADER DRIVE, NEWARK, DE 19702-3354 |
| 5391671 | | Email/PDF: Citi.BNC.Correspondence@citi.com | Mar 25 2021 19:25:44 | THD/CBNA, PO BOX 6497, SIOUX FALLS, SD 57117-6497 |
| 5391674 | + | Email/Text: ra-li-occ-esbkpt-hbg@pa.gov | Mar 25 2021 19:09:00 | UNEMPL COMP TAX MATTERS, HARRISBURG CASES L&I OFF CHIEF COUNSEL, 651 BOAS STREET 10TH FLOOR, HARRISBURG, PA 17121-0751 |
| 5391676 | | Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | Mar 25 2021 19:09:00 | VERIZON BANKRUPTCY DEPT, 500 TECHNOLOGY DR, STE 550, SAINT CHARLES, MO 63304-2225 |

TOTAL: 16

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 5391649 | ##+ | CREDIT CONTROL LLC, 4710 EISENHOWER BLVD A2, TAMPA, FL 33634-6308 |
| 5391677 | ##+ | YOUNGS MEDICAL EQUIPMENT, 6345 FLANK DRIVE, STE 1600, HARRISBURG, PA 17112-2796 |

TOTAL: 0 Undeliverable, 0 Duplicate, 2 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 27, 2021        Signature:        /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on **March 25, 2021** at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Charles G. Wohlrab | on behalf of Creditor NewRezLLC d/b/a Shellpoint Mortgage Servicing cwohlrab@raslg.com |
| Charles J DeHart, III (Trustee) | TWecf@pamd13trustee.com |
| Kara Katherine Gendron | on behalf of Debtor 1 Lester Lawrence Vogelsong Jr karagendronecf@gmail.com, doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com |
| Rebecca Ann Solarz | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
| LESTER LAWRENCE VOGELSONG, | : | |
| JR; aka Lester Lawrence Vogelsong; fdba | : | CASE NO. 1:21-bk-00337 |
| Lester Vogelsong Painting Contractor | : | |
| Debtor | : | ☒ ORIGINAL PLAN |
| | : | |
| | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, |
| | : | 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☐ 0 Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
      1. To date, the Debtor paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $60,000.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/2021 | 02/2026 | $1,000.00 | $ | | $60,000.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $60,000.00 |

      2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.
      3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.
      4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

   B. **Additional Plan Funding From Liquidation of Assets/Other**
      1. The Debtor estimates that the liquidation value of this estate is $$200,000. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☒   No assets will be liquidated. If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.
☐   Certain assets will be liquidated as follows:
      2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.
      3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:


**2. SECURED CLAIMS**
  A. **Pre-Confirmation Distributions**. *Check one.*
☒   None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

  B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one.*
☒ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

  C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**.
    *Check one.*
☒  None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred

within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **PNC MORTGAGE** | **17 Beechcliff Drive, Carlisle, PA 17015** | $28,015 approximately | | $Payment of allowed secured claim through plan. Mortgagee shall satisfy mortgage of record within 60 days of the entry of the discharge order. Debtor shall be responsible for payment of real estate taxes and insurance henceforth. |

| SHELLPOINT MORTGAGE SERVICING | 17 Beechcliff Drive, Carlisle, PA 17015 | $17,250.00 approximately | | $Payment of allowed secured claim through plan. Mortgagee shall satisfy mortgage of record within 60 days of the entry of the discharge order. Debtor shall be responsible for payment of real estate taxes and insurance henceforth |
|---|---|---|---|---|

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*
☒  None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral.** *Check one.*
☐ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

☒ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| MEMBERS 1ST FCU | 2014 Ford F 150 |

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one.*
☒  None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**
  **A. Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees</u>. Complete only one of the following options:
     a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
     b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

    B. **Priority Claims (including, certain Domestic Support Obligations**
Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

    C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
    A. **Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| All timely filed unsecured claims. | 100% | $ | % | $Per allowed proof of claim |

    B.     All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE**.
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.

Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

(1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

(2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

(3) Lien Releases.

(a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(4) Confirmation of this Plan shall not bar the Debtor from:

(a) filing objections to any claims;

(b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

(c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;

(d) seeking a determination as to the dischargeability of any debt; or

(e) selling any asset of his free and clear of liens and encumbrances.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


 /s/  Lester Lawrence Vogelsong, Jr
Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9